# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **REGINALD C. CODRINGTON** | : | CIVIL ACTION |
| *Plaintiff* | : | |
| | : | |
| v. | : | NO. 24-CV-5743 |
| | : | |
| **CHERELLE PARKER**, *et al.*, | : | |
| *Defendants* | : | |

# MEMORANDUM

NITZA I. QUIÑONES, J.                                                                          DECEMBER 16, 2024

Plaintiff Reginald C. Codrington initiated this *pro se* civil action alleging his constitutional rights were violated in connection with a court-ordered child support obligation. Codrington seeks to proceed *in forma pauperis*. For the following reasons, the Court will grant Codrington leave to proceed *in forma pauperis* and dismiss the Complaint.

## I.      FACTUAL ALLEGATIONS[1]

Codrington named as Defendants: Mayor Cherelle Parker; Renee Garcia, Chief Legal Officer of the City of Philadelphia; Court of Common Pleas Judges Joel S. Johnson, Margaret Theresa Murphy, and Daniel Sulman; Michael B. Carroll, Pennsylvania Secretary of Transportation; Rachel M. Arndt, Deputy Assistant Secretary for Passport Services; and Kimberly Ali. (Compl. at 1, 8.) He alleges that the Philadelphia Department of Social Services defrauded him through a "non-existing contract" and, as a result, he has been denied the right to a driver's license and a United States passport. (*Id.* at 9.) Codrington claims that Judges Johnson, Murphy, and Sulman "willingly and knowingly put a[] judgment order against [him] without proof of

---

[1]  The allegations set forth in the Memorandum are taken from Codrington's Complaint (ECF No. 2). The Court adopts the sequential pagination supplied by the CM/ECF docketing system.

warranted authority" and conspired with the United States Department of State and the Department of Motor Vehicles to violate his due process rights. (*Id.* at 9, 13, 14, 15.) He claims that the judges entered an order compelling him to pay child support without producing material evidence of an existing contract requiring him to do so and entered a lien against him. (*Id.* at 13, 14.) According to Codrington, his claim arose on August 13, 2013, at the Montgomery County Domestic Relations Office. (*Id.* at 10.) He has challenged his child support obligations with the Philadelphia Department of Social Services on several occasions. (*Id.*)

Codrington avers that he has suffered financial and personal difficulties because of Defendants' actions and his inability to drive and travel outside the United States. (*See id.* at 16-17.) As relief, Codrington seeks $5 million in damages. (*Id.* at 11.)

II.   **STANDARD OF REVIEW**

The Court grants Codrington leave to proceed *in forma pauperis* because it appears that he is incapable of paying the fees to commence this civil action. Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the court to dismiss a complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). At this early stage of the litigation, this Court will accept the facts alleged in the *pro se* complaint as true, draw all reasonable inferences in the plaintiff's favor, and ask only whether the complaint contains facts sufficient to state a plausible claim. *See Shorter v. United States*, 12 F.4th 366, 374 (3d Cir.

2021), *abrogation on other grounds recognized by Fisher v. Hollingsworth*, 115 F.4th 197 (3d Cir. 2024). Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678.

Because Codrington is proceeding *pro se*, the Court construes his allegations liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)). The Court will "apply the relevant legal principle even when the complaint has failed to name it." *Id.* However, "pro se litigants still must allege sufficient facts in their complaints to support a claim." *Id.* (quoting *Mala*, 704 F. 3d at 245). An unrepresented litigant "cannot flout procedural rules — they must abide by the same rules that apply to all other litigants." *Id.*

### III.  DISCUSSION

Codrington asserts constitutional claims. The vehicle by which federal constitutional claims may be brought in federal court is 42 U.S.C. § 1983. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). Local governments and municipalities are considered persons under § 1983. *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 690 (1978). Additionally, in a § 1983 action, the personal involvement of each defendant in the alleged constitutional violation is a required element, and, therefore, a plaintiff must allege how each defendant was involved in the events and occurrences giving rise to the claims. *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1998); *see also Iqbal*, 556 U.S. at 676 ("Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."). Codrington has failed to allege a plausible basis for a constitutional claim.

Codrington's claims against Judges Johnson, Murphy, and Sulman, who are alleged to serve on the Court of Common Pleas of Philadelphia County and who presided in the child support proceedings, cannot proceed. (*See* Compl. at 4, 17.) "A judicial officer in the performance of h/her duties has absolute immunity from suit and will not be liable for his judicial acts." *Capogrosso v. The Supreme Court of New Jersey*, 588 F.3d 180, 184 (3d Cir. 2009) (quoting *Azubuko v. Royal*, 443 F.3d 302, 303 (3d Cir. 2006)); *see also Stump v. Sparkman*, 435 U.S. 349, 355-56 (1978). An act is taken in a judge's judicial capacity if it is "a function normally performed by a judge." *Gallas v. Supreme Ct. of Pa.*, 211 F.3d 760, 768 (3d Cir. 2000). "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority." *Capogrosso*, 588 F.3d at 184 (citations omitted). Moreover, "[i]mmunity will not be forfeited because a judge has committed 'grave procedural errors,' or because a judge has conducted a proceeding in an 'informal and ex parte' manner', . . . [or] because the judge's action is 'unfair' or controversial." *Gallas*, 211 F.3d at 769 (citations omitted); *see also Lee v. Gallina Mecca*, No. 22-2871, 2023 WL 5814783, at *4 (3d Cir. Sept. 8, 2023) ("But even accepting Lee's allegations as true, judicial acts that appear to be unfair, malicious, or *ex parte* are not stripped of their judicial immunity."). A judge will be subject to liability only "when he has acted 'in the clear absence of all jurisdiction.'" *Id.* (quoting *Stump*, 435 U.S. at 356-57). "Generally, . . . 'where a court has some subject matter jurisdiction, there is sufficient jurisdiction for immunity purposes.'" *Figueroa v. Blackburn*, 208 F.3d 435, 443-44 (3d Cir. 2000) (quoting *Barnes v. Winchell*, 105 F.3d 1111, 1122 (6th Cir. 1997)). Codrington's allegations against Judges Johnson, Murphy, and Sulman arise from judicial determinations they made in the course of child support matters in the Philadelphia County Court of Common Pleas. Codrington has not alleged any facts that would show that Judges Johnson, Murphy, and Sulman acted in the absence of jurisdiction.

4

*See, e.g., Mikhail v. Kahn*, 991 F. Supp. 2d 596, 660 (E.D. Pa. 2014) (finding judges who presided over protection from abuse, custody, and divorce proceedings were entitled to immunity because acts were taken in judicial capacity and plaintiff did not show an absence of jurisdiction, and immunity applied despite allegations of bad faith and conspiracy), *aff'd*, 572 F. App'x 68 (3d Cir. 2014) (*per curiam*).  Accordingly, Codrington's claims against Judges Johnson, Murphy, and Sulman are dismissed with prejudice.  *See Allen v. DeBello*, 861 F.3d 433 (3d Cir. 2017).

There are other problems with Codrington's Complaint.  As the Court noted above, in a § 1983 action the personal involvement of each defendant in the alleged constitutional violation is a required element and, therefore, a plaintiff must allege how each defendant was involved in the events and occurrences giving rise to the claims.  *See Rode*, 845 F.2d at 1207; *see also Jutrowski v. Twp. of Riverdale*, 904 F.3d 280, 290 (3d Cir. 2018) ("Each Government official, his or her title notwithstanding, is only liable for his or her *own* misconduct.") (quoting *Iqbal*, 556 U.S. at 677); *Dooley v. Wetzel*, 957 F.3d 366, 374 (3d Cir. 2020) ("Personal involvement requires particular 'allegations of personal direction or of actual knowledge and acquiescence.'" (quoting *Rode*, 845 F.2d at 1207)).  While Codrington named Mayor Parker, Renee Garcia, Michael B. Carroll, Rachel M. Arndt, and Kimberly Ali as Defendants, he asserts no facts about how these individuals were personally involved in the alleged constitutional violations.  Furthermore, in the event Codrington's claims are predicated on any of these Defendants' enforcement of the child support order, such claims would be barred by quasi-judicial immunity.  *See Baquero v. Mendoza*, 828 F. App'x 137, 140 (3d Cir. 2020) (*per curiam*) ("[W]e agree with the District Court's conclusion that defendants Tardif and Feldman are entitled to quasi-judicial immunity for their roles in implementing and enforcing child support orders"); *Dongon v. Banar*, 363 F. App'x 153, 156 (3d

5

Cir. 2010) (*per curiam*) ("[A]ctions taken by those charged with the responsibility of carrying out a court's order would be barred by the doctrine of absolute quasi-judicial immunity.").

Additionally, the City of Philadelphia, and its officials, are not responsible for the events that took place in his Pennsylvania state court judicial proceedings. The Eleventh Amendment bars suits against a state and its agencies in federal court that seek monetary damages. *See Pennhurst State Sch. And Hosp. v. Halderman*, 465 U.S. 89, 99-100 (1984); *A.W. v. Jersey City Public Schs.*, 341 F.3d 234, 238 (3d Cir. 2003). The Philadelphia County Court of Common Pleas, as part of Pennsylvania's unified judicial system, shares in the Commonwealth's Eleventh Amendment immunity. *See Benn v. First Judicial Dist. of Pa.*, 426 F.3d 233, 241 (3d Cir. 2005). "[I]ndividual counties cannot be held liable for the actions of state court judges, who are part of the unified state court system." *Andresen v. Pennsylvania*, No. 20-989, 2020 WL 9048845, at *6 (M.D. Pa. Dec. 16, 2020) (internal quotations and citations omitted), *report and recommendation adopted*, No. 20-989, 2021 WL 1174497 (M.D. Pa. Mar. 29, 2021); *see Callahan v. City of Philadelphia*, 207 F.3d 668, 672-74 (3d Cir. 2000) (explaining that judges of the Pennsylvania Court of Common Pleas are part of the unified judicial system subject to the control of the Pennsylvania Supreme Court). "Simply put, one cannot sue a county in federal court for civil rights violations arising out of the conduct of litigation in the county court of common pleas, since the courts are a state agency, and not part of county government." *Andresen*, 2020 WL 9048845, at *6; *see also Scheib v. Pennsylvania*, 612 F. App'x 56, 59 (3d Cir. 2015) (*per curiam*) ("It appears that [plaintiff] named the County as a defendant because she mistakenly believes that the Allegheny County Court of Common Pleas is a County entity. As the District Court correctly noted, however, the court is a Commonwealth—not County—entity. . . . Therefore, [plaintiff's] claims against the Court of Common Pleas are . . . barred by the Eleventh Amendment.").

Further, it appears that Codrington's claims are barred by the statute of limitations. The timeliness of a § 1983 claim is governed by the limitations period applicable to personal injury actions of the state where the cause of action arose. *Kach v. Hose*, 589 F.3d 626, 634 (3d Cir. 2009). The Pennsylvania statute of limitations for a personal injury action is two years. *Id.* at 634 (citing 42 Pa. Cons. Stat. § 5524(2)); *see also Dique v. N.J. State Police*, 603 F.3d 181, 185 (3d Cir. 2010). Thus, the limitations period applicable to Codrington's § 1983 claims is two years. A claim accrues for statute of limitations purposes "when a plaintiff has a complete and present cause of action, that is, when [she] can file suit and obtain relief." *Dique*, 603 F.3d at 185 (quotations omitted). In general, this means that the statute of limitations will start running at the time the plaintiff "knew or should have known of the injury upon which [her] action is based." *Sameric Corp. of Del., Inc. v. City of Phila.*, 142 F.3d 582, 599 (3d Cir. 1998); *see also Montanez v. Sec'y Pennsylvania Dep't of Corr.*, 773 F.3d 472, 480 (3d Cir. 2014). Codrington avers that his claim arose on August 13, 2013, at the Montgomery County Domestic Relations Office. (*See* Compl. at 10, 13.) To the extent that Codrington's claims are based on events that occurred in 2013, they would be time-barred.

In sum, Codrington has not pled any basis for proceeding on civil rights claim in connection with the underlying child support order. More fundamentally, his claims appear to be grounded in legal theories—*i.e.*, that a child support order must be consented to by way of a contract—that courts have rejected. *See Ibrahim v. N.J. Att'y Gen.*, No. 18-3461, 2020 WL 4016017, at *3 (D.N.J. July 14, 2020) ("[Plaintiff's] argument seems to be that the child support order is a sort of quasi-contract that was entered into unfairly and unlawfully, and thus void. It is not; it is an order of the state court." (citations omitted)), *aff'd,* No. 21-1128, 2021 WL 3012660 (3d Cir. July 16, 2021); *see also Shaikh v. Ocean Cnty. Child Support Enf't Agency*, No. 24-09528, 2024 WL

7

4626405, at *1 (D.N.J. Oct. 30, 2024) (rejecting claims brought by plaintiff challenging the loss of his passport due to a child support order issued against him for failure to pay child support). Overall, even under a liberal reading, Codrington has not presented any plausible legal basis for proceeding.

## IV.  CONCLUSION

For the foregoing reasons, the Court will grant Codrington leave to proceed *in forma pauperis* and dismiss his claims with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim. No leave to amend will be granted, as amendment would be futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108, 110 (3d Cir. 2002). An appropriate order follows.

*NITZA I. QUIÑONES, J.*